UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| DEON DERRICO, | ) | |
| | ) | |
| Plaintiff(s), | ) | Case No. 2:15-cv-01165-APG-NJK |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| PENNYMAC CORP., et al., | ) | |
| | ) | (Docket No. 18) |
| Defendant(s). | ) | |

Pending before the Court is a stipulation to extend various deadlines in the Court's scheduling order. Docket No. 18. Requests to extend discovery deadlines must "be supported by a showing of good cause for the extension." LR 26-4. However, requests to extend discovery deadlines "made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect." *Id*.

Among the deadlines that the parties seek to extend are the initial expert disclosure deadline and the rebuttal expert disclosure deadline, which expired on March 14, 2016, and April 13, 2016. Docket No. 18 at 3; *see also* Docket No. 17 at 2 (setting deadlines). The parties fail to address, much less establish, excusable neglect. *See* Docket No. 18 at 2-3. Accordingly, their request to extend the expert disclosure deadlines is **DENIED** without prejudice.

Further, the parties seek to extend the discovery deadline, dispositive motion deadline, and pretrial order deadline, which have not expired. *Id.* at 3; *see also* Docket No. 17 at 2. Extension of these deadlines requires a showing of good cause. LR 26-4. The good cause inquiry focuses primarily on the parties' diligence. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000). Good cause to extend the discovery cutoff exists "if it cannot reasonably be met despite the diligence

of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

The parties contend good cause exists to extend the remaining deadlines because a motion to dismiss is pending. Docket No. 18 at 2. The case law is clear that dispositive motions do not automatically stay the case. *See, e.g.*, *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). Rather than diligently conducting discovery, the parties appear to have mutually decided to impose their own stay of discovery. This conduct belies the idea that they have diligently engaged in discovery. The parties also contend that an extension is warranted by Defendant Pennymac Corp.'s failure to enter an appearance. *Id.* at 3. The discovery period, however, runs from the date when the first defendant appears. LR 26-1(a). Therefore, Defendant Pennymac Corp.'s failure to appear does not excuse the parties' failure to discharge their duty to conduct discovery diligently. Accordingly, the parties' stipulation is **DENIED** without prejudice.

IT IS SO ORDERED.

DATED: May 6, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge