UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DEON DERRICO,

                Plaintiff,

    v.

PENNYMACK CORP. and MTC FINANCIAL CORPORATION d/b/a TRUSTEE CORPS,

                Defendants.

Case No. 2:15-CV-01165-APG-NJK

**ORDER GRANTING TRUSTEE CORPS' MOTION TO DISMISS AND DENYING MOTION FOR SUMMARY JUDGMENT**

(ECF Nos. 8, 30)

        This case involves an alleged wrongful foreclosure on a property located at 7356 Savannah Falls Street, Las Vegas, Nevada 89131.  Plaintiff Deon Derrico has brought claims for (1) wrongful foreclosure, (2) slander of title, (3) request to set aside the foreclosure sale, and (4) request to void or cancel the Trustee's Deed of Sale.  According to the complaint, Derrico is asserting all four claims under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq*.  Specifically, the complaint states that all four claims are based on violations of 12 C.F.R. § 1024.41, RESPA's regulations concerning loss mitigation applications.[1]

        Defendant MTC Financial d/b/a/ Trustee Corps moves to dismiss Derrico's complaint with prejudice.  Trustee Corps argues, in part, that the obligations of RESPA only apply to loan servicers and not foreclosure trustees.  It further argues that to the extent Derrico's complaint is based on state law or federal common law, the claims must be dismissed because they fail to state a claim under Federal Rule of Civil Procedure 12(b)(6) and because no common law obligations can be imposed on a trustee that are not specifically outlined by statute.  In response, Derrico explicitly states that his claims against Trustee Corps are not based on state or common law, but on RESPA.

---

[1] The complaint refers to RESPA as 12 U.S.C. § 1024 *et seq*.  However, this appears to be a typographical error.  The United States Code section related to RESPA is 12 U.S.C. § 2601 *et seq*.  The federal regulations related to RESPA are located at 12 C.F.R. § 1024 *et seq*.  Thus, it appears that Derrico means to cite to sections of RESPA's federal regulations which he believes the defendants have violated.

The specific RESPA-related federal regulations cited in the complaint are 12 C.F.R. § 1024 *et seq.*, which were promulgated to "increase a loan servicer's obligations to respond to a qualified written request" from a borrower. *Guccione v. JPMorgan Chase Bank, N.A.*, No. 3:14-CV-04587-LB, 2015 WL 1968114, at *8 (N.D. Cal. May 1, 2015). RESPA and its corresponding regulations apply only to loan servicers. *See Green v. Cent. Mortg. Co.*, No. 3:14-CV-04281-LB, 2015 WL 7734213, *15 (N.D. Cal. Dec. 1, 2015) (RESPA's "regulations circumscribe the conduct of loan servicers only"). The statute defines a "loan servicer" as a person responsible for "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan." 12 U.S.C. § 2605(i)(3). However, Derrico does not allege that Trustee Corps is a loan servicer. Rather, he alleges that it is a foreclosure trustee. He also does not allege that Trustee Corps ever received or was responsible for receiving periodic payments on the loan. In addition, Derrico cites no authority to support his contention that a trustee can be sued under RESPA directly or as an agent of a loan servicer.

I therefore grant Trustee Corps' motion with prejudice to the extent that Derrico is trying to bring claims against Trustee Corps under RESPA because the statute applies only to loan servicers and thus amendment would be futile. Because I am dismissing the claims against Trustee Corps, I deny as moot Trustee Corps' later motion for summary judgment. ECF No. 30. However, because Derrico has not amended his complaint previously, I will allow him leave to amend the complaint to add facts and allegations that would constitute a valid clam or defense against Trustee Corps on some basis other than RESPA, if he can do so. I caution Derrico that if he chooses to amend the complaint, he must provide a short and plain statement of the claim showing that he is entitled to relief and must state a claim to relief that is plausible on its face to comport with Rule 12(b)(6)'s requirements.

IT IS THEREFORE ORDERED that defendant MTC Financial d/b/a/ Trustee Corps' motion to dismiss **(ECF No. 8) is GRANTED** with prejudice as it relates to any claims against Trustee Corps under RESPA. Plaintiff Deon Derrico may amend the complaint to add facts and allegations that would constitute a valid clam or defense against Trustee Corps on some basis

other than RESPA, if he can do so.  Derrico has 30 days from the date of this order to file an amended complaint, should he so choose.

IT IS FURTHER ORDERED that MTC Financial d/b/a/ Trustee Corps' motion for summary judgment **(ECF No. 30) is DENIED** as moot.

DATED this 14th day July, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE