UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DEON DERRICO, <br><br> Plaintiff, <br><br> v. <br><br> PENNYMAC CORP. and MTC FINANCIAL, INC. D/B/A/ TRUSTEE CORPS, <br><br> Defendants. | Case No. 2:15-cv-01165-APG-NJK <br><br> **ORDER: (1) DENYING MOTIONS FOR SUMMARY JUDGMENT AS MOOT, (2) GRANTING DEFENDANT MTC FINANCIAL'S MOTION TO DISMISS, AND (3) DENYING DEFENDANT PENNYMAC'S MOTION TO STRIKE** <br><br> (ECF Nos. 32, 35, 38, 42, 43) |

Plaintiff Deon Derrico brings state and federal claims arising from the alleged wrongful foreclosure of his house against his lender, defendant PennyMac, and the trustee, defendant MTC Financial. In July 2016, I granted MTC's motion to dismiss for failure to state a claim but gave Derrico leave to amend his complaint, which he did on August 12, 2016. ECF Nos. 37, 41. The pending cross-motions for summary judgment on the original complaint are therefore moot.

MTC moves to dismiss the amended complaint, contending that Derrico did not cure the defects I identified in the initial complaint. Derrico has failed to respond to MTC's motion for over four months, so I grant the motion as unopposed. LR 7-2(d).[1] I also find the motion meritorious and grant it on that independent ground. Derrico's amended complaint asserts common law negligence and fraud claims. The negligence claim fails because the only duties owed by a foreclosure trustee are those under NRS § 107.080, *et seq. See Weingartner v. Chase Home Fin., LLC*, 702 F.Supp.2d 1276, 1290–91 (D. Nev. 2010). And Derrico makes no allegation that MTC violated any of those statutory provisions. The fraud claim alleges

---

[1] The court did not send Derrico a *Klingele* notice with respect to MTC's pending motion to dismiss. This oversight does not require me to excuse Derrico's failure to respond, as district courts are only bound to send such notice to pro se prisoner plaintiffs, not to all pro se plaintiffs. *See, e.g., James v. Puga*, 585 F. App'x 510, 511 (9th Cir. 2014) (citing *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir.1986)). Moreover, Derrico has received two *Klingele* notices earlier in the case (ECF Nos. 31, 36), so he is well acquainted with the effects of dispositive motions and the requirement to timely respond to them.

"improper, inaccurate, and fraudulent representations" by MTC, but provides no details. It thus lacks the specificity—the "who, what, when, where, and how"—required by Rule 9(b). Fed. R. Civ. P. 9(b); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). This is the second dismissal of Derrico's attempted pleading, and this complaint shows no more promise than the first. I therefore grant MTC's motion to dismiss without leave to amend.

Finally, PennyMac moves to strike the amended complaint because it violates Federal Rule of Civil Procedure 15(a), which requires a plaintiff to obtain a stipulation of the parties or consent of the court to file an amended complaint. But I granted Derrico leave to file an amended complaint (ECF No. 37), so PennyMac's motion is groundless and I deny it.

## CONCLUSION

IT IS THEREFORE ORDERED that the parties' cross-motions for summary judgment **(ECF Nos. 32, 35, 38) are DENIED** as moot.

IT IS FURTHER ORDERED that defendant MTC Financial's motion to dismiss **(ECF No. 42) is GRANTED** without leave to amend.

IT IS FURTHER ORDERED that defendant PennyMac's motion to strike **(ECF No. 43) is DENIED**.

DATED this 2nd day of March, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE