|   |   |   |
|---|---|---|
| | **UNITED STATES DISTRICT COURT** | |
| | **DISTRICT OF NEVADA** | |
| | * * * | |
| DEON DERRICO, | | Case No. 2:15-cv-01165-APG-NJK |
| Plaintiff, | | |
| v. | | **ORDER (1) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; AND (2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| PENNYMAC CORP. and PENNYMAC LOAN TRUST 2010-NPL, | | |
| Defendants. | | (ECF Nos. 50, 54) |

This case involves an alleged wrongful foreclosure on property located at 7356 Savannah Falls Street in Las Vegas. Plaintiff Deon Derrico brings claims for wrongful foreclosure and slander of title, and seeks to set aside the foreclosure sale and void the subsequent trustee's deed. The claims are primarily based on alleged violations of 12 C.F.R. § 1024.41, the implementing regulations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*

Defendants PennyMac Corporation (PennyMac) and PennyMac Loan Trust 2010-NPL (the Trust) move for summary judgment. They argue that the obligations of RESPA and its regulations apply only to loan servicers, and neither of them is the servicer of Derrico's loan. They further argue that to the extent the wrongful foreclosure claim is based on state common law, Derrico has failed to show that he was not in default on his loan at the time of the foreclosure sale. The defendants also argue that to the extent the slander of title claim is based on state common law, Derrico has failed to show that any of the allegedly slanderous communications was false. Finally, the defendants contend that Derrico has not computed nor can he demonstrate actual monetary damages.

Derrico also moves for summary judgment. He argues that he has stated valid RESPA claims but does not respond to the argument that the defendants are not loan servicers. Derrico argues that despite being in default on the loan, the defendants still owed him a duty not to

foreclose without considering loss mitigation options. He contends that the defendants admit to failing to respond to his loan modification applications. He also requests that I reopen discovery and compel the defendants to participate, as well as sanction them by setting a mandatory settlement conference.

I grant the defendants' motion for summary judgment and deny Derrico's motion for summary judgment. The defendants are not the servicers of Derrico's loan and as such cannot be liable under RESPA and its regulations. Further, Derrico has admitted to being in default and so he cannot maintain a claim for common law wrongful foreclosure. Derrico has also failed to show a genuine issue of material fact as to the falsity of the recorded documents on which his slander of title claim is based. Finally, Derrico has not met the requirements of the Federal Rules of Civil Procedure or local rules to reopen or compel discovery and has not met his burden to show why sanctions are warranted.

**I.     BACKGROUND**

In 2006, Derrico purchased the property by taking out two mortgages, the first of which is at issue here. ECF Nos. 50-1, 50-2, 50-3. In 2012, the Trust became the beneficiary under the first mortgage. ECF No. 50-6. Derrico defaulted by failing to make the July 2009 payment and all subsequent payments. ECF No. 50-8. The trustee recorded a notice of default on March 12, 2013. *Id.*

Derrico elected to mediate the foreclosure pursuant to Nevada Revised Statutes § 107.086. ECF No. 50-9. After mediation and judicial review, a certificate issued allowing the Trust to foreclose. *Id.*; ECF No. 50-10. A notice of trustee's sale was recorded on January 5, 2015, setting the foreclosure sale for February 2nd of that year. ECF No. 50-11. The sale was delayed by Derrico's unsuccessful petition for bankruptcy but was eventually held on April 10, 2015. ECF Nos. 50-12, 50-13, 50-14. A trustee's deed of sale to the Trust was recorded on April 13, 2015. ECF No. 50-14.

Meanwhile, between 2010 and 2014, Derrico requested loan modifications from PennyMac Loan Services, LLC at least five times. ECF Nos. 51, Ex. 1–17; 51-1, 51-4, 51-7, 51-

11, 51-13. Each time, PennyMac Loan Services requested additional documentation, and ultimately denied the request for modification because it had not received all the requested documents. ECF Nos. 51-2, 51-3, 51-4, 51-5, 51-8, 51-9, 51-10, 51-11, 51-12, 51-14, 51-15. On January 13, 2015, after receiving notice of the trustee sale, Derrico sent a final communication to PennyMac Loan Services again requesting a loan modification. ECF Nos. 51-16, 51-17.

Derrico filed another voluntary bankruptcy petition the day after the trustee's sale. ECF No. 50-15. That case was dismissed, and closed on April 11, 2016. *Id.* at 14, 15. Derrico filed this lawsuit on June 19, 2016. ECF No. 1. Two defendants, including the trustee, have already been dismissed. ECF Nos. 47, 49. The remaining parties now move for summary judgment on all claims.

**II.    ANALYSIS**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000). I view the evidence and make reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

**A. Claims Based on RESPA**

RESPA and its corresponding regulations apply only to loan servicers. *See* 12 C.F.R. § 1024 *et seq.*; *Green v. Cent. Mort. Co.*, 148 F. Supp. 3d 852, 877 (N.D. Cal. 2015) ("The regulations circumscribe the conduct of loan servicers only."). A "servicer" is the person or

entity "receiving any scheduled periodic payments from a borrower pursuant to the terms of any" loan. 12 U.S.C. § 2605(i)(2), (3); 12 C.F.R. § 1024.2.

The defendants argue that Derrico cannot sue them under RESPA or its implementing regulations because they are not the servicers of his loan. Derrico does not respond to this argument, instead reiterating his allegations that the defendants violated several provisions of 12 C.F.R. § 1024.41.

The defendants produced correspondence between Derrico and PennyMac Loan Services in which Derrico requests and PennyMac Loan Services considers loan modifications. *See* ECF No. 51. This correspondence shows that PennyMac Loan Services, not the defendants, was the loan servicer. Derrico does not argue that the defendants are the servicers of his loan and offers no evidence to that effect. Therefore, to the extent that Derrico's claims are based on violations of RESPA and its implementing regulations, I grant summary judgment to the defendants.

### B. Wrongful Foreclosure

In Nevada, to establish a claim for wrongful foreclosure, the borrower must "establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale." *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983). The "material issue of fact in a wrongful foreclosure claim is whether the trustor was in default when the power of sale was exercised." *Id.* A plaintiff's claim will fail unless he shows that he was not in default on his loan obligations when the foreclosure proceedings were initiated. *Larson v. Homecomings Fin., LLC*, 680 F. Supp. 2d 1230, 1237 (D. Nev. 2009).

The defendants contend that Derrico cannot show that he was not in default on the loan when foreclosure was initiated. Derrico argues that "despite default status," the defendants owed him a duty to consider loss mitigation options, relying on Georgia law. ECF No. 54 at 12. The defendants produced evidence that Derrico was in default under the first deed of trust that encumbered his property. ECF No. 50-8. Derrico produced no evidence to show he was not in

default when the power of sale was exercised, and in fact has conceded that he was in default. This fact is dispositive under Nevada law. Therefore, I grant summary judgment to the defendants on the wrongful foreclosure claim.

### C. Slander of Title

Under Nevada law, to prove a claim for slander of title, the plaintiff must show a "false and malicious communication disparaging to [his] title in land, and causing special damage." *Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 963 P.2d 465, 478 (Nev. 1998). "Recording a false document constitutes making a false statement." *Kim v. Kearney*, 838 F. Supp. 2d 1077, 1089 (D. Nev. 2012).

Derrico alleges that the defendants slandered his title by causing a notice of foreclosure sale to be recorded against his property because the sale violated "common law principles as well as 12 C.F.R. § 1024 *et seq.*" ECF No. 41 at 6. He also alleges that the defendants slandered his title by causing "a Deed to be recorded" against the property (ostensibly the trustee's deed upon sale (ECF No. 50-14)), because the Trust held itself out to be the owner of the property. Derrico alleges the Trust was not the owner because of the defendants' alleged RESPA violations. The defendants contend that Derrico has not shown that the recorded documents are false. They argue that the Trust had the authority to initiate the foreclosure sale, Derrico was in default, and the trustee's sale was actually scheduled at the time the notice of sale was recorded. The defendants argue that Derrico's slander of title claim relies on alleged RESPA violations, which allow for only monetary damages and not the voiding of the foreclosure sale.

The defendants have produced evidence showing that the Trust was the beneficiary of the deed of trust at the time the foreclosure sale was noticed and that Derrico was in default on the loan at the time of sale. ECF Nos. 50-6, 50-8. Derrico has not pointed to any evidence contradicting the assignment of the deed or the notice of default. He does not deny that he was in default on the loan, nor does he argue that the sale was not actually scheduled or did not actually take place. *See In re Mortg. Elect. Regist. Sys. (MERS) Litig.*, 744 F. Supp. 2d 1018, 1030–32 (D.

Ariz. 2010) (applying Nevada law). Thus, he has not shown a genuine issue of material fact as to falsity of the recorded documents under a theory of common law wrongful foreclosure.

Derrico argues that the documents were false because RESPA violations voided the foreclosure sale. Derrico could maintain a slander of title claim if a loan servicer's RESPA violation could have voided the sale or caused the Trust to lose its power of sale. As discussed above, however, Derrico has not shown the defendants' liability under RESPA. In addition, RESPA and its regulations authorize claims only for money damages, not for voiding a trustee sale. Under 12 C.F.R. § 1024.41(a), a "borrower may enforce the provisions of this section pursuant to section 6(f) of RESPA (12 U.S.C. 2605(f))." That section of RESPA allows an individual borrower to seek damages in "an amount equal to the sum of (A) any actual damages to the borrower as a result of the failure; and (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance . . . ." 12 U.S.C. § 1205(f)(1).

The statute authorizes damages for pecuniary loss arising from the violations of the statute or regulation. *See Stabley v. Bank of America, N.A.*, No. 2:11-cv-00635-GMN-CWH, 2014 WL 3645327, at *4 (D. Nev. Jul. 22, 2014) ("Alleging a breach of RESPA duties alone without also alleging that the breach resulted in pecuniary loss does not state a claim under RESPA."). No statutory or regulatory provision states that violations void a foreclosure sale or authorizes the voiding or setting aside of a foreclosure sale as a remedy. *See Tualli v. EverBank*, No. 2:17-cv-1870-JCM-PAL, 2017 WL 5196701, at *7 (D. Nev. Nov. 6, 2017) (stating the defendant "pointed to no legal authority showing that a violation . . . under RESPA invalidates a foreclosure" and that to the contrary, the statute creates its own remedy for monetary damages for violations); *Caggins v. Bank of New York Mellon*, No. 15-11124, 2015 WL 4041350, at *2 (E.D. Mich. Jul. 1, 2015) ("There is no provision found in RESPA under which Plaintiff can seek to have foreclosure proceedings nullified, or force Defendants to negotiate a loan modification."); *Abhane v. Mabe*, No. A-14-CA-330-SS, 2014 WL 12480001, at *2 (W.D. Tex. Aug. 5, 2014) ("[N]othing in either the regulation . . . or § 2605 suggests a sale in violation of RESPA is void, or even that rescission of the sale is a remedy available to the homeowner under RESPA."). Therefore, even if there

were a RESPA violation by a non-party, that violation would not void the Trust's power of sale. Derrico has not set forth any facts or cited to any law to support his argument that the documents recorded pursuant to the foreclosure sale were false. Therefore, I grant summary judgment to the defendants on the slander of title claim.

### D. Void Trustee's Sale and Deed

Derrico's third and fourth claims allege that the foreclosure sale should be set aside and the trustee's deed upon sale voided. These claims are based on the same RESPA violations that form the basis of Derrico's wrongful foreclosure and slander of title claims, and are either duplicative of these claims or simply request remedies based on those claims. Either way, I grant summary judgment for the defendants.

### E. Discovery and Sanctions

In his motion for summary judgment, Derrico alternatively asks that I compel the defendants to engage in reopened discovery and that I sanction the defendants by setting a mandatory settlement conference. The defendants respond that should I construe Derrico's request as a motion under Federal Rule of Civil Procedure 56(d), and that I should deny it because additional discovery will not alter the dispositive facts of this case. The defendants also argue that sanctions are not warranted because Derrico never sought discovery from PennyMac or the Trust while discovery was open.

A party may move for summary judgment prior to the close of discovery. Fed. R. Civ. P. 56(b). If the nonmoving party believes that it cannot present facts essential to its opposition without discovery, it can request additional time under Rule 56(d). Under that rule, a party requesting additional time to conduct discovery "must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). If the nonmoving party does not satisfy these requirements, I may rule on summary judgment without granting additional time for discovery. *Id.*

Even assuming Derrico moved under Rule 56(d), he has not met the rule's requirements. In the affidavit attached to his motion, Derrico states that the defendants did not participate in discovery. But he does not show what facts he hopes to elicit through discovery, that such facts exist, and how those facts are essential to his opposition. And given my rulings above, I do not see how further discovery will aid Derrico's position. Therefore, I decline to defer judgment or reopen discovery under Rule 56(d).

Derrico argues in his reply that he is moving to compel discovery under Rule 37, not Rule 56(d). Rule 37 "permits a discovering party to move for an order to compel a complete response to properly submitted interrogatories or requests for production." *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 170 (D. Nev. 1996). "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action." *Id.* (quotation omitted). An exchange of letters is not sufficient to show good faith. *Id.* at 172.

Here, Derrico produced no evidence of properly submitted discovery requests. His sole evidence of a good faith effort is a copy of one email sent to the defendants' lawyers about the need to meet and confer. This is an insufficient showing under Rule 37.

Furthermore, under the Local Rules, all motions to compel discovery "must set forth in full the text of the discovery originally sought and any response to it." L.R. 26-7. Derrico offers nothing more than conclusory statements that "PennyMac failed to participate in the discovery process." ECF No. 54 at 13. He has not met the requirements of the Local Rule or Rule 37. Therefore, I deny Derrico's request to the extent it can be construed as a motion to compel discovery under Rule 37.

Finally, there is no basis to impose discovery sanctions. The defendants argue that Derrico never sought discovery from them at any point while the discovery period was open. The party requesting sanctions "bears the initial burden of establishing that the opposing party failed to comply with the disclosure" or discovery requirements. *Silvagni v. Wal-Mart Stores, Inc.*, 320

F.R.D. 237, 241 (D. Nev. 2017). Derrico has not done so. Therefore, I decline to order sanctions against the defendants.

### III. CONCLUSION

IT IS THEREFORE ORDERED that PennyMac Corporation and PennyMac Loan Trust 2010-NPL's motion for summary judgment **(ECF No. 50) is GRANTED.**

IT IS FURTHER ORDERED that Deon Derrico's motion for summary judgment **(ECF No. 54) is DENIED.** Derrico's requests to reopen discovery or sanction the defendants are also denied.

IT IS FURTHER ORDERED that the clerk of court is directed to enter judgment in favor of the defendants and against Derrico.

DATED this 17th day of January, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE